*Clark County, April Term,* 1822.

Before Judges McLean and Burnet.

BUTTLES *v.* CARLTON AND OTHERS.

Defendant in custody within the prison limits makes oath that he is unable to support himself. Plaintiff not bound to furnish lodgings.

IT was an action of debt upon a prison rules bond, and came before the court upon a case stated as follows : The defendant, Carlton, was in custody upon a *ca. sa.* at the suit of the plaintiff, and executed the bond upon which the suit was brought, for remaining in custody within the rules of the prison—and upon its being approved of by two justices, as required by law, Carlton was admitted the prison rules. Being thus within the prison rules, he made affidavit that he was unable to support himself in prison, a copy of which was served upon the plaintiff's agent. Carlton claimed that the plaintiff was bound to supply him, not only with 33] provision, but with lodgings *also. The agent proffered to furnish meat and drink; the prisoner insisted upon a bed also, which he frequently called for and was refused. Considering that the refusal of a bed was a refusal to furnish *support* according to the statute, Carlton went out of the prison rules? And the action is brought to charge him and his securities.

Opinion by Judge BURNET.

Two questions have been submitted in the argument of this case. First, was the defendant, Carlton, entitled to support after he was relieved from close confinement, and admitted to the privilege of
34

the bounds? Secondly, if entitled to support, was he to be fur-
nished with bedding at the expense of the plaintiff?

On the first question we are of opinion that the prison bounds,
·established by the court of common pleas in pursuance of the stat-
ute, are to be considered as an extension of the four walls of the
prison, and that while the prisoner is within these limits, he is to
every legal intent a prisoner, and as such entitled to claim the sup-
port given by the 12th section of the act for the relief of insolvent
debtors. It is true that the bond is in the name of the plaintiff, but
it is delivered to the sheriff, and the condition of it is, "that the
prisoner shall continue safely in the custody of the jailer, within
the limits of the prison bounds." This language, we apprehend,
can not be mistaken. It represents the obligor as a prisoner, in
the custody of the jailer, within the limits; and if a prisoner, he
·may take the oath prescribed, and thereby charge the plaintiff
with his support. The language of the law is, "that when a per-
.son imprisoned for debt, either on mesne process, or on *capias ad
·satisfaciendum,* shall be unable to support himself in prison, and
having made oath to that effect," etc., "the plaintiff shall stand
chargeable," etc. The only inquiry then is, was the defendant,
Carlton, imprisoned for debt? If he was, he was entitled to sup-
port; and if that support was not afforded, he had a right to leave
the prison bounds, or in the language of the law, "to be imme-
diately set at liberty." We are clearly of opinion, that he was a
person imprisoned for debt within the meaning of the statute, and
that he had a right to take the oath. This is the only inference
to be drawn from the statute, or from the bond, by which he is to
·continue safely a prisoner in the custody of the jailer. While he
so continues, he must, *ex vi termini,* be imprisoned, and conse-
quently be entitled to claim the support allowed by the statute.

*It is certainly natural to suppose, that a person enjoying the ·[**34**
privileges of the limits would, in ordinary cases, be able to provide
for his own support; but this is not always the case, as where pov-
erty is connected with sickness, or other personal disability. The
·construction contended for would leave such persons to perish, or
procure subsistence from the hand of charity. Such could not
have been the intention of the legislature: it must have been their
design to provide for persons so circumstanced, whether on the
limits or in close confinement.

On the second question, we are of opinion that the plaintiff was

not bound to furnish the defendant with lodgings. This conclu-
sion seems to follow from the determination of the former ques-
tion. As that pre-supposes him to be a prisoner, in the custody
of the jailer, he must be entitled to his lodgings within the prison.
This privilege the jailer can not deny him, as the prison is provided
at the expense of the county, for the reception and accommodation·
of all persons committed by legal althority. As a person in cus-
tody on final process, after he has obtained the privilege of the
limits, is bound to continue a true prisoner in the custody of the·
jailer, it would seem to follow that he does not lose the right of
lodging within the jail. On the contrary, the spirit of the pro-
vision would rather require that all persons within the limits-
should return at night to the prison, as their common lodging-
place, though we do not mean to say that the practice which has·
heretofore prevailed in this respect should be altered. In many
cases it is an indulgence of great value, to permit persons on the·
limits to lodge without the prison, and the feelings of humanity
must suppress every desire to deny, or curtail that indulgence.
All we mean to say is, that they have a right to repair to the jail
as their common lodging-place. The case in hand requires us to·
go no further, and we feel no disposition to do so.

In the formation of these statutes, the rights of creditors have·
not been overlooked, nor can the court disregard them in any con-
struction which it may be necessary for them to give. The words·
of the statute, subjecting the creditor to the support of his debtor,
are, " he shall stand chargeable with his support." In construing·
these words, we are not disposed to go beyond their import, and
most, certainly they can not require the plaintiff to provide that.
which has been already provided. ˙ The county has furnished
lodgings; it was not therefore necessary for the plaintiff to pro-
vide them, and we can not believe that the legislature intended to·
35] impose on him an *unnecessary burden. In construing these
words, we must look to the situation of the prisoner, and to the
wants and privations that attend it. Food and lodging seem to
be embraced in the term *support*, and we should have no hesitation·
in saying, that they were both chargeable on the plaintiff, had
neither of them been provided by law; but as lodging has been
provided, it would be implicating the prudence of the legislature,
and imposing an unnecessary burden on the plaintiff to give that

·construction to the term.  What the law has provided, the plaintiff ·can not be required to provide.

It is the opinion of the court, that the plaintiff was bound only to make an arrangement with the jailer to furnish the plaintiff regularly with his food, and having done so in this instance, he provided all the support he was chargeable with by the statute; consequently, the defendant left the prison bounds in his own wrong, and the plaintiff must be entitled to judgment.